Curia,per

Evans, J.
The plaintiff claimed aright of way over the defendant’s land, along an old road which had existed for many years. The road was called the Vincent road, but when, or by whom, it was laid out, or how it originated, did not appear.' It was proved that the plaintiff, in common with his neighbors, had travelled along this road for a period exceeding twenty years, and that the plaintiff also used it as a mill road, but not always for that purpose, as he frequently sent to mill in other directions. There was no proof that the plaintiff had opened the road, or that he had worked on it, or exercised any dominion or controul over it, except as above stated; or that Davis, or those from whom he derived his title, had ever acquiesced in or done any act which could be construed into an admission of the plaintiff’s light of way over the land, except that no objection ever was made previous to the obstruction for which this action was brought.
Under these circumstances we are to decide whether the plaintiff has acquired a right of way over the defendant’s land. If he has, then the verdict is right; if he has not, then it is wrong, and must be set aside. I need not* here repeat what is so familiar to every lawyer; that, after a possession of-land for twenty years, a deed or grant will be presumed; and also-that where a man has enjoyed and used a way over another’s land for the same period, it will be presumed that he had originally a right to do sor the evidence of which has .been lost by lapse of time. In matters of antiquity, the law substitutes the possession, in the case of land,, and the use, in the case of a way, for the deed1 or grant; the nature and extent of which, in both cases, will depend on the nature of the possession and *3 use. To confer a title in cither case, all the authorities, both English and American, concur that the possession and the use must be adverse to him who was the owner. This term, adverse, as applied to ways, according to our decisions in analogous cases, means such use as men make of their own property; and must be accompanied by such facts and circumstances as shew that it is claimed as a right exercised without the consent, and in opposition to the rights, of the owner of the soil.
It will be perceived from this, that I am not disposed to adopt the opinion intimated in Roland vs. Wolfe, (1 Bailey, 56) and in McKee vs. Garrett, (1 Bailey, 341) that in no case can a prescriptive right of way be acquired over the uninclosed land of another. Those cases were, doubtless, decided right upon their own facts, but the dictum above stated, in the broad terms in which it is laid down, was never satisfactory to the profession, and may be considered as modified by the subsequent case of Smith vs. Kinard, (2 Hill, 642, n.) Since this case was argued, we have carefully considered and examined it; and we all concur in the opinion that a right of way may exist by prescription over £he lininclosed woodlands of another, subject to the qualifications ai^d lijmtatioifs hereinafter stated. Aslb general rule, Í would say that the use of every su^h way-’-is permissive* or held at sufferance, where' the claimant has don.e no act shewing that he claimed the right adversely, and the allowance of the use by the owner of the soil has been unaccompanied by any act which shews a recognition, on his part, of the right of the claimant to use the road without his permission. Most of the old roads which, like this, lead from one public road to another, or from neighborhood to neighborhood, sprung up from accident. In the early settlement of the country, paths through the woods were made by repeated travelling along the same track. In process of time, by continued use, these tracks were enlarged into cart and wagon ways. They were convenient to the propri *4 etor’s neighbours, and did not interfere with his dominion over the land. In the beginning, therefore, they may be said to have originated in the tacit permission of the owner. The use continued in the same way, no one ever supposing that a use thus commencing could ever ripen into a right. An adverse use must be something for which the owner may sue: it must be something hostile to his entire dominion over his property. In England lands are, generally, if not altogether, inclosed, and to enter on a man’s land is, literally, to break his close; but, in this country, the fact is otherwise. Most of the land is uninclosed, and I can scarcely conceive it possible that the riding over such lands, and, especially, along a road which has originated in the implied assent of the owner, can be even a technical trespass, until the implied permission has been revoked. We feel the difficulty of laying down general rules to to govern all cases, and it is not intended to do it on this occasion; but we think we may venture to say that no right of way can arise from merely riding or walking over a man’s uninclosed woodland, unless there be some assertion of ownership by the claimant, or some act of the owner of the soil shewing an admission that the claimant had a right. Thus ; if the claimant laid out the road and used it for twenty years ; or if he worked on, enlarged, or kept it in repair; or if the owner of the soil cleared the land and left a lane for the claimant’s use; these, with acts of the like kind, would seem to amount to an assertion of a right on the one part, and an admission of it on the other. The plaintiff’s case presents no evidence of an adverse use, or of any admission of his right by the defendant; and it is the unanimous opinion of this court that the verdict should be set aside, and the motion for a non-suit granted ; and it is ordered accordingly.
Herndon, for the motion.